```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
_____
                              )
BOBBY OUTLAW,                 )
                              )
          Plaintiff,          )
                              )
     v.                       )  Civil Action No. 13-934 (EGS)
                              )
JEH JOHNSON,                  )
                              )
          Defendant.          )
_____)
```

**MEMORANDUM OPINION**

Plaintiff Bobby Outlaw brings this action against defendant Jeh Johnson, the Secretary of the Department of Homeland Security, alleging racial discrimination, retaliation, and the creation of a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* Defendant moves to dismiss plaintiff's retaliation and hostile-work-environment claims. Upon consideration of the motion, the response and reply thereto, the applicable law, and the entire record, the Court **GRANTS** defendant's motion to dismiss.

**I.   BACKGROUND**

Plaintiff, an African-American, has been employed by the United States Secret Service since 1996. Compl. ¶¶ 1, 12. He alleges that he was hired at an initial grade of GS-7, while Caucasians with less experience were hired at GS-9. *Id.* ¶ 16.

By 2000, Mr. Outlaw had been promoted to a GS-13 position. *Id.* ¶ 14. In 2009 and 2010, he applied for twenty-seven different GS-14 positions, as well as a GS-13 position based in South Africa. *See id.* ¶¶ 18–19, 21. Although he claims that he was highly qualified for these positions, he was not selected for any of them. *Id.* ¶¶ 23, 42–46.[1]

Mr. Outlaw claims that he was not selected for discriminatory reasons. *See id.* ¶¶ 15, 32, 45–46. Regarding the position in South Africa, he claims that the official in charge of making recommendations for filling the position—an African-American—ranked Mr. Outlaw first, but the position was awarded to a less-qualified Caucasian applicant. *See id.* ¶¶ 22–23. The officials in charge of making recommendations for the GS-14 positions were all Caucasian and Mr. Outlaw claims that their first choice was always selected. *See id.* ¶¶ 24–25. Most of these positions were filled by Caucasian applicants, all of whom were allegedly less qualified than Mr. Outlaw. *See id.* ¶ 43. Mr. Outlaw also asserts that the Secret Service's promotion procedures and its performance reviews are subjective. *See id.* ¶¶ 32–33.

On May 18, 2010, plaintiff filed an equal-employment-opportunity complaint, alleging racial discrimination. *See* EEO

---

[1] Plaintiff claims to have been denied one hundred GS-14 promotions since 2004. *See* Pl.'s Opp. to Mot. to Dismiss ("Opp."), ECF No. 12 at 4–5. Plaintiff, however, asserts that the twenty-seven promotions discussed above are the only ones "[a]t issue in this matter." *Id.* at 5.

Complaint, ECF No. 10-5 at 3.[2] On February 28, 2013, an administrative judge found that Mr. Outlaw "failed to establish a *prima facie* case of race discrimination" and that the Department of Homeland Security had proffered legitimate, non-discriminatory reasons for each of the challenged decisions. *See* Decision, ECF No. 10-7 at 11–12. The Department of Homeland Security issued a final order affirming those findings on March 26, 2013. *See* Final Order, ECF No. 10-8.

On June 20, 2013, Mr. Outlaw filed this lawsuit, alleging that he was: (1) discriminated against on the basis of his race, (2) retaliated against for engaging in protected activity, and (3) subjected to a hostile work environment. *See* Compl. ¶¶ 47-94. On January 10, 2014, defendant moved to dismiss or, in the alternative, for summary judgment on the retaliation and hostile-work-environment claims. *See* Def.'s Mot. to Dismiss ("Mot."), ECF No. 10. Plaintiff filed an opposition on February 18, 2014, in which he included a section entitled "Mr. Outlaw Seeks Leave to Amend His Amended Complaint." Opp. at 17. Defendant filed a reply brief on March 20, 2014, and noted that plaintiff neither submitted a proposed amended complaint nor a

---

[2] Plaintiff's equal-employment-opportunity complaint, the administrative judge's decision regarding that complaint, and the Department of Homeland Security's final order affirming that ruling, were attached to defendant's motion to dismiss and are mentioned to provide background information.

3

motion for leave to amend his complaint. *See* Def.'s Reply in Supp. of Mot. to Dismiss ("Reply"), ECF No. 14 at 2–3.

On April 28, 2014, the Court entered an Order stating that it could not consider plaintiff's apparent request to amend his complaint until he complied "with the requirements of Federal Rules of Civil Procedure 7(b)(1) and 15(a) by filing a motion for leave to amend his complaint" and "with Local Civil Rule 15.1" by submitting with his motion "'an original of the proposed pleading as amended.'" Minute Order of April 28, 2014. The Court ordered Mr. Outlaw to "file his motion for leave to file an amended complaint, along with a copy of his proposed amended complaint, by no later than May 5, 2014." *Id.* Plaintiff did nothing until May 12, 2014, when he filed an Amended Complaint without moving for leave. *See* Am. Compl., ECF No. 15. On May 16, 2014, the Court struck the Amended Complaint without prejudice. *See* Minute Order of May 16, 2014. Plaintiff did not subsequently move for leave to amend. Defendant's motion to dismiss is therefore ripe for the Court's decision.

## II. STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted). While detailed factual allegations are not necessary, plaintiff must plead enough facts to "raise a right to relief above the speculative level." *Id.*

When ruling on a Rule 12(b)(6) motion, the Court may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). The Court must construe the complaint liberally in plaintiff's favor and grant plaintiff the benefit of all reasonable inferences deriving from the complaint. *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). However, the Court must not accept plaintiff's inferences that are "unsupported by the facts set out in the complaint." *Id.* "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Recitals of "the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. DISCUSSION

Plaintiff concedes that Count Two of his Complaint should be dismissed. *See* Opp. at 9. Accordingly, all that remains before the Court is defendant's argument that Count Three, plaintiff's

5

hostile-work-environment claim, should be dismissed for failure to exhaust administrative remedies and failure to state a claim. Because plaintiff failed to state a claim, the Court need not address whether he exhausted his administrative remedies.

To bring an actionable hostile-work-environment claim, Mr. Outlaw must establish that "the workplace is permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe and pervasive to alter the conditions of [his] employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quotation marks and citations omitted). He must therefore establish that "(1) he . . . is a member of a protected class; (2) he . . . was subjected to unwelcome harassment; (3) the harassment occurred because of the plaintiff's protected status; (4) the harassment was severe to a degree which affected a term, condition, or privilege of employment; and (5) the employer knew or should have known about the harassment, but nonetheless failed to take steps to prevent it." *Peters v. District of Columbia*, 873 F. Supp. 2d 158, 189 (D.D.C. 2012).

Plaintiff offers only bald legal conclusions in his attempt to show that he was subjected to severe and pervasive harassment. *See* Compl. ¶ 85 (asserting that he suffered "a persistent pattern of severe and pervasive harassment" and was "routinely humiliated" by supervisors); *see also id.* ¶¶ 86, 89–90

(conclusorily invoking the terms "hostile work environment" and "harassment"). These allegations parrot the legal standard and cannot alone survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

Nor did plaintiff provide factual context for his conclusory allegations. Rather than alleging incidents or actions involving "discriminatory intimidation, ridicule and insult," *Harris*, 510 U.S. at 21 (quotation marks omitted), plaintiff incorporated, without elaboration, the allegations of disparate treatment on which he relies for his racial-discrimination claim. *See* Compl. ¶ 88 ("Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment."). He thus relies solely on his allegations that he was denied promotions, hired at a lower initial grade, and given subjective job-performance reviews. *See id.* ¶¶ 16–17, 23, 32–33. Plaintiff claims this is "a persistent pattern of severe and pervasive harassment." *Id.* ¶ 85.

These allegations cannot alone support a hostile-work-environment claim. Indeed, courts have been hesitant to find a claim for hostile work environment when a "complaint contains no allegations of discriminatory or retaliatory intimidation, ridicule, or insult in [the plaintiff's] day-to-day work environment" and relies instead on incidents of allegedly

7

discriminatory "non-promotions and other performance-based actions." *Laughlin v. Holder*, 923 F. Supp. 2d 204, 219–20, 221 (D.D.C. 2013) (quotation marks omitted). Accordingly, another Judge of this Court has held that the following allegations are not "sufficiently severe or pervasive to state a plausible hostile work environment claim":

> [T]he FBI repeatedly failed to promote Plaintiff to positions for which she was qualified, interfered with her efforts to hire a Border Liason Officer, removed Major Case 186 from her supervision, manipulated her performance evaluations, denied her bonuses to which she was entitled, repeatedly pressured her to retire, interfered with her ability to fill a supervisory position . . . and interfered with her efforts to hire a Media Representative.

*Id.* at 221. Mr. Outlaw alleged far less, referring only to promotion denials, a subjective performance review, and being hired at a lower grade than Caucasian employees. Ultimately, "mere reference to alleged disparate acts of discrimination . . . cannot be transformed, without more, into a hostile work environment." *Nurriddin v. Bolden*, 674 F. Supp. 2d 64, 94 (D.D.C. 2009) (quotation marks omitted) (dismissing claim which alleged that plaintiff's supervisors had, *inter alia*, "passed him over for performance awards, lowered his performance evaluations," and denied him "a noncompetitive promotion" and "a within-grade increase").

The D.C. Circuit has held that "a hostile work environment claim is not rendered invalid merely because it contains

discrete acts that the plaintiff claims . . . are actionable on their own." *Brooks v. Grundmann*, 748 F.3d 1273, 1278 (D.C. Cir. 2014) (quotation marks omitted). Nonetheless, the Circuit also reaffirmed that "[a] plaintiff may not combine discrete acts to form a hostile work environment claim without meeting the required hostile work environment standard." *Id.* (quotation marks omitted). In other words, a plaintiff *could* state a hostile-work-environment claim by relying on incidents of allegedly discriminatory nonpromotions, but must allege facts sufficient to show that those decisions were part of a severe and pervasive pattern of harassment. *See, e.g.*, *Wise v. Ferreiro*, 842 F. Supp. 2d 120, 126–27 (D.D.C. 2012) (hostile-work-environment claim survived a motion to dismiss, "if not by much," based on allegations that a supervisor used a racial slur, as well as "myriad incidents ranging from threats of discipline based on false accusations to being singled out and excluded from trainings and award ceremonies and denied promotions"). Plaintiff made no factual allegations from which such a pattern may be inferred and the Court will not permit him to "'bootstrap' his alleged discrete acts of discrimination . . . into a broader hostile work environment claim." *Rattigan v. Gonzales*, 503 F. Supp. 2d 56, 81 (D.D.C. 2007).[3]

---

[3] Like plaintiff's initial Complaint, the proposed amended complaint—which was stricken from the record—simply asserted

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss Counts Two and Three of plaintiff's Complaint. An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:    Emmet G. Sullivan
            United States District Judge
            June 23, 2014**

---

that the same incidents of disparate treatment created a hostile work environment without elaboration or factual allegations that could support a such a finding. See ECF No. 15 ¶¶ 11–46, 65–75.

10